## Kincaid *v.* Halpern.

Opinion delivered July 9, 1898.

Appeal Bond—Liability.—Where an appeal to the circuit court is taken by two defendants against whom judgment has been recovered in a justice's court, and they jointly execute an appeal bond, each will be liable thereon for whatever amount may be adjudged on the appeal against either of them. (Page 616.)

Appeal from Monroe Circuit Court.

James S. Thomas, Judge.

### STATEMENT BY THE COURT.

The appellant, Kincaid, brought suit before a justice of the peace against Jos. Hicks and Isaac Halpern for the sum of

of seventy dollars. He claimed that they owed him that amount for labor performed in "getting out" certain logs, and he claimed a lien upon the logs. The justice of the peace gave judgment in favor of Kincaid. The defendants appealed, and gave an appeal bond worded as follows:

"APPEAL BOND. In Justice of the Peace court, Cache Township. William Kincaid vs. Isaac Halpern & Jos. Hicks. We, the undersigned Joe Hicks and Isaac Halpern, acknowledge ourselves indebted to William Kincaid in the sum of $100, to be void upon this condition: whereas, Joe Hicks and Isaac Halpern have appealed from the judgment of John W. Hooper, a justice of the peace in and for Cache township in the county of Monroe and state of Arkansas, in an action between William Kincaid, plaintiff, and Joe Hicks and Isaac Halpern, defendants. Now, if the said Hicks and Halpern will prosecute their appeal with due diligence to a decision, and if on such appeal the judgment of the justice be affirmed, or if on the trial anew in the circuit court judgment be given against the appellants, they shall satisfy the judgment, or if their appeal be dismissed they shall pay the judgment of the justice, together with the costs of the appeal, this bond shall be void." This bond was signed by both Joseph Hicks and Isaac Halpern and by certain other parties.

On the trial in the circuit court the jury returned the following verdict: "We the jury find for the plaintiff against Hicks in the sum of seventy dollars, and lien not sustained. J. H. Plumber, Foreman." On this verdict a judgment was rendered against Hicks, but the circuit court refused to give judgment against Halpern and other signers of the appeal bond.

*H. A. & J. R. Parker*, for appellant.

The appeal bond was in due form, and judgment should have been rendered thereon. Sand. & H. Dig., § 4431, 4449. The bondsmen were jointly and severally liable. Sand. & H. Dig., § 4186; *ib.* ch. 90. No bill of exceptions was required in this case. 26 Ark. 662; *ib.* 653.

*M. J. Manning & J. P. Lee*, for appellees.

The same cause of action must be tried in circuit court on appeal as was tried in the justice's court. Sand. & H. Dig., §

4447; 44 Ark. 375.  The trial of a different cause on appeal exonerates the sureties on the appeal bond.

RIDDICK, J., (after stating the facts).  This case was commenced before a justice of the peace, who gave judgment in favor of appellant, Kincaid, against appellees, Joseph Hicks and Isaac Halpern.  An appeal to the circuit court was taken, and the question here is whether Halpern is liable upon the appeal bond for a judgment rendered in the circuit court against Hicks.

Counsel for Halpern say that appellant Kincaid sued Hicks and Halpern before the justice to recover for work and labor which he claimed to have performed for them by getting out logs, and that, in the circuit court on appeal, he was allowed to change his cause of action, and recover judgment against Hicks for the price of a boat, and they contend that this change operated to discharge the sureties.  If this contention was sustained by the record, it would not only justify the circuit court in discharging the sureties of Hicks, but would also show that the judgment against Hicks himself was improper, for our statute provides that the "same cause of action, and no other, that was tried before the justice shall be tried in the circuit court upon the appeal."  Sand. & H. Dig., § 4447.  But if any change was made in the cause of action, it was not, so far. as the record here shows, made in writing.  There was no bill of exceptions.  The evidence adduced at the trial is not before us, and there is nothing to show that any change was made in the cause of action.  In the absence of any showing to the contrary, we must presume that the cause of action tried before the circuit court on appeal was the same as that tried before the justice of the peace.

Now, assuming, as we must do, that there was no change in the cause of action, was Halpern liable on the appeal bond? He need not have signed the bond of Hicks in order to appeal. He could have executed a separate bond binding himself and sureties to satisfy any judgment rendered by the circuit court against himself only.  Had he done this, neither he nor his bondsmen would have been responsible for the judgment against Hicks.  But this bond is not the separate bond of Halpern.  It is the bond of both Hicks and Halpern, and it operated to suspend for them proceedings upon the judgment of

the justice not only as to Halpern but also as to Hicks. Our statute provides that "in all cases of appeal from a justice of the peace if the judgment of the justice be affirmed, or if, on trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and his sureties on the appeal bond." Sand. & H. Dig., § 4449. As the bond here is in the form provided by statute, and as the signers thereof are sureties for Hicks as well as Halpern, we are of the opinion that the plaintiff is entitled to judgment against them.

The judgment of the circuit court, so far as it discharges Halpern and other sureties on the bond, is reversed, and the cause is remanded with an order to render judgment against them.